RAWLS, Judge.
Edward Cooper, 15 years of age at the time of his arrest, appeals from a judgment of conviction of first degree murder and a life sentence pursuant to a recommendation of mercy by the jury.
Defendant’s sole point on appeal is that the trial court erred in admitting into evidence a statement taken from the defendant prior to his being carried before the Juvenile Judge or any other committing magistrate.
The record in this cause reflects the commission of a cold-blooded murder by three young men on the evening of July 20, 1970. A review of the evidence in *615 the cause discloses no real debatable issue as to the participation of appellant, Edward Cooper, in this robbery-murder or as to his guilt. The evidence of Cooper’s guilt was more than sufficient without the admission of the controverted statement.
As to the controverted statement, it appears that Cooper was arrested on the morning of July 22, 1970, around 10 or 11 o’clock a. m. He was then taken directly to the Sheriff’s office for identification, photographing, fingerprinting and interviewing. At this time defendant was fully advised of his Miranda rights. Subsequently, Cooper was delivered to the Juvenile Shelter within approximately four and a half hours. By his statement Cooper denied that he participated in the planning of the robbery or in the robbery but stated that he ran back when the other two participants confronted the victim.
Florida Statute, Section 39.03(3), F.S.A., provides in part that the person taking or retaining a child in custody “ . shall, without delay for the purpose of investigation or any other purpose, deliver the child, by the most direct practicable route, to the court of the county or district where the child is taken into custody. . . The child shall not under any circumstances be placed in any police or other vehicle which at the same time contains an adult under arrest, nor in a jail, police station, or other place of detention . . . where the child is involved in the same offense or transaction with adults, then such child may be transported in the same vehicle with the adults so involved.”
Florida Statute, Section 39.03(6) (a), F.S.A., provides in part: “Any child taken into custody upon probable cause that he has committed an act which would be a felony if he were an adult shall be fingerprinted and photographed by the law enforcement agency taking said child into custody.”
Reading the foregoing statutes in pari materia it is apparent that the legislature has demonstrated a deep concern as to the exposure of delinquent children to hardened adult criminals. However, the legislature has likewise stated in the Act that a child who has reached such a maturity that there is probable cause to believe he has committed a felonious crime shall be processed as an adult to the extent of being fingerprinted and photographed. The record in this cause reflects that this 15-year-old who had participated in a dastardly preplanned robbery and murder was not taken to a jail or police station but, to the contrary, was carried to the Sheriff’s office where he was given a full warning of his constitutional rights and then interviewed incidental to being photographed and fingerprinted. The record further reflects that the interview was during the middle of the daylight hours and there was not an undue delay between his being taken into custody and being delivered to the Juvenile Shelter.
We hold under the evidence and circumstances of this case that the controverted statement was not inadmissible and does not constitute reversible error. The judgment appealed from is affirmed.
CARROLL, DONALD K„ Acting C. J„ and JOHNSON, J., concur.